Woodbridge v. Raymond.

## WOODBRIDGE v. RAYMOND.

The same degree of relationship between a juror and the party interested in the suit, as would by statute, exclude a judge from sitting in a cause, is sufficient cause of arrest.

ACTION of disseisin.   Verdict for the defendant.

Mr. R. Griswold and Mr. Spalding, for the plaintiff, moved in arrest of judgment, and principally for this cause: — That one of the jurors who tried the case is brother-in-law to the person who gave bond in said action for the defendant, and was thereby liable to pay the cost of suit, had the plaintiff recovered, the defendant being a bankrupt, and unable to pay any part.

Judgment arrested.

By the COURT. The first exception in the motion, that one of the jurors was brother-in-law to the person who was bound for the defendant's prosecuting the appeal in this action, is the only reason for arresting judgment in this case. It appears on examination of the juror, that he knew his brother was surety for the defendant before the jury gave their verdict; and a judgment for the defendant would exonerate the surety from his bond. The case comes within the reason of the statute which excludes a judge from giving his opinion in any case, wherein he stands in so near a relation to either party as the juror does to the surety.

DYER, J., dissenting. I think the relation between the juror and the surety would not have been a principal challenge — if so, it ought not to be taken advantage of, to set aside the verdict.